# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KA-01225-SCT

*WILLIS K. JONES a/k/a "BILL JONES"*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/94 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LYNDA CAROL ROBINSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On July 12, 1993, the employees of Unclaimed Freight Furniture on Highway 80 in Flowood were robbed at gunpoint by three men, all described as African American males. Upon opening the store, the manager and four employees were forced into a dark office, ordered to hand over all of their personal effects such as keys and wallets, and made to lay on the floor. The thieves then forced the store manager, Larry Taylor, to open the store safe and give the thieves approximately $2200 in cash. The three men then took an employee's Ford Bronco and made their escape. Shortly afterward, a Flowood policeman found the vehicle abandoned in Jackson on the corner of Factory and Nichols Street. Willis Jones lived on Galilee Street approximately 100-300 yards from the place where the Bronco was found.

On November 18, 1993, Willis K. Jones was indicted on five counts of armed robbery; use of a deadly weapon contrary to **Miss. Code Ann.** § 97-3-79 (1972) and one count of grand larceny contrary to **Miss. Code Ann.** § 97-17-14 (1972). Following a jury trial, Jones was found guilty of four counts of armed robbery. One count of robbery and the grand larceny count were dismissed by the court. Jones was sentenced to life imprisonment for each count. The sentences are to be served consecutively. On appeal, Jones asserted that the evidence was insufficient for the convictions, and that his statutory right to a bifurcated trial was denied.

## LAW

### 1. The jury verdict was supported by sufficient evidence

The standard of review for the legal sufficiency of the evidence is well-settled:

> [W]e must, with respect to each element of the offense, consider all of the evidence--not just the evidence which supports the case for the prosecution--in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*Franklin v. State*, 676 So. 2d 287, 288 (Miss. 1996)(quoting *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987)(citations omitted)).

Armstrong, one of the store employees, was the only witness to testify being able to positively identify Jones. Prior to the arrest of Jones, Armstrong participated in an out-of-court photo lineup conducted by arresting officer Dewitt. The defendant failed to contemporaneously object either to the use of the out of court photo lineup or to the in-court identification based on this identification. When addressing the need for a contemporaneous objection, this Court has stated the following:

> [a]s a rule, the Supreme Court only addresses issues on plain error review when the error of the trial court has impacted upon a fundamental right of the defendant. "It has been established that where fundamental rights are violated, procedural rules give way to prevent a miscarriage of justice." *Gray v. State*, 549 So. 2d 1316, 1321 (Miss. 1989).

*Sanders v. State*, 678 So. 2d 663 (Miss. 1996).

Clearly, in this case, the admission of the in-court identification does not rise to the high level of a denial of a fundamental right. Therefore, this court will not address the validity of the in-court identification that might have been based on an out-of-court photo lineup. The defendant did not object to the in-court identification, nor did the defendant attempt to develop any suggestions that the photo lineup was suggestive or impermissible. Applying the proper standard for insufficiency of the evidence, this Court must consider all evidence supporting the jury verdict in the light most favorable to the verdict. This Court finds the in-court identification made by Armstrong permissible; therefore, it is clear that a reasonable juror could have found Jones guilty.

## 2. Jones had no statutory right to a Bifurcated Trial with a separate sentencing

**Miss. Code Ann.** § 1-3-4 (1972) defines capital offense to include all offenses punishable by death or imprisonment for life. **Miss. Code Ann.** § 97-3-79 (1994) provides life imprisonment for committing robbery with the use of a deadly weapon. Defendant acknowledges that there is no mandatory right to a bifurcated trial when the State is not seeking the death penalty. However, Jones asserts that the trial court judge should have required a bifurcated trial *sua sponte* even though there is no evidence of any request for a separate sentencing phase. This Court stated in ***Mitchell v. State***, 609 So. 2d 416, 422 (Miss. 1992) that Rule 5.13, Uniform Criminal Rules of Circuit Court Practice which states that "there may be bifurcated trials in all felony cases in which the defendant is not subject to receive the death penalty. . . .is permissive rather than mandatory and a bifurcated trial may be had at the discretion of the trial judge." ***Id. Accord Taylor v. State***, 452 So. 2d 441, 451 (Miss. 1984)(finding no error where defendant "did not request a bifurcated trial and the trial court did not elect to grant a bifurcated trial."). This Court again reiterated that a bifurcated trial *may* be given, "but it does not have to be done." Therefore, this Court finds no merit to this assignment of error.

## CONCLUSION

The in-court identification by Armstrong was properly allowed; therefore, the jury verdict must stand. Jones failed to object to the in-court identification nor develop any record concerning the suggestiveness or impermissibility of the out-of-court lineup upon which the in-court identification could have been based. Merely alleging error on weight of the evidence is insufficient to overcome this procedural bar. This Court does not find the use of this identification to be so great a miscarriage of justice as to overcome the procedural bar. Furthermore, this State's law is clear concerning bifurcated trials. This Court has clearly interpreted **Miss. Code Ann.** § 99-19-101 (1) as applied in Miss. Unif. Crim. Rules of Cir. Ct. Prac. 5.13 to allow the trial judge to grant a bifurcated trial at his discretion. Since the defendant did not request a bifurcated trial, the trial judge did not err in not so providing. Therefore, this Court finds no error in not providing a bifurcated trial.

**CONVICTION OF ROBBERY WITH A DEADLY WEAPON (FOUR COUNTS) AND FOUR LIFE SENTENCES IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCES ARE TO BE SERVED CONSECUTIVELY AND APPELLANT SHALL NOT BE ELIGIBLE FOR PAROLE IN ACCORDANCE WITH M.C.A. 47-7-3 (1) (d) (ii) (1972).**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**